JUD&E PETERS
delivered the opinion of the court:
This is an action, by ordinary proceedings, to recover the possession of a tract of land, the legal title to which the ap-pellees, the Stewarts, allege they hold by devise from William Robertson.
The will of said Robertson was probated in the county of Augusta, Virgihia, in January, 1832; and the land in controversy was granted to him, upon a commissioner’s certificate *256 dated in 1798, by patent bearing date the 24th of January, 1857, more than 30 years after his death.
By an act of the Legislature it is declared, that when a patent has issued or shall issue, or a deed shall be made, to a person who is dead at the issuing of the patent, or the making of the deed, the heirs of such patentee shall take, hold, and enjoy the title to the estate so patented or conveyed, as if such patent had issued, or deed had been made, to such heirs by name. (2 vol. Rev. Stat., page 1.)
Although the appellees, the Stewarts, by the will of William Robertson, were invested with such interest in or title to the lands as he had at his death, still, as he never had the legal title, but, upon the issuing of the patent it vested in his heirs by virtue of the statute, supra; and, as it is not alleged that said Stewarts are the heirs of the patentee, the case, as presented, is not such as the common law judge has jurisdiction of.
Under the will of the testator, we are of opinion that his heirs hold'the title which they acquired by the patent, in trust for the benefit of his devisees. The heirs, however, were necessary parties.
The case, as presented, being one of exclusively equitable jurisdiction, it was the duty of appellees to have amended their pleadings, and moved the court to transfer the action to the proper docket. (Sec. 7, Civil Code.)
It may be proper to remark that, in order to avail himself of the error of the court in overruling his motion to require ap-pellees to verify their petition upon oath, appellant should at the time have excepted to the opinion, which was not done.
Other errors complained of we do not deem it necessary now to notice, as the pleadings and proof may be materially changed upon a subsequent trial.
But, for the reasons herein stated, the judgment is reversed, and the cause is remanded for further proceedings not inconsistent with this opinian.