JUDGE LINDSAY
delivered the opinion or the court.
This is an action to recover an amount alleged to have been paid upon a purchase of a tract of land under a mutual mistake of the parties as to the number of acres contained within the boundaries set out in the deed of conveyance.
The contract sued on is the implied promise of Hagan, the grantor, to restore to Patterson, the grantee, the amount of money improperly paid in consequence of said mutual mistake.
The action is not upon the covenant of warranty incorporated in the deed. There is no complaint that the title has failed, or that Patterson has been evicted from the possession of any portion of the land lying within the boundary sold and conveyed.
The covenant or contract upon which Patterson seeks to recover does not expressly bind the heirs or devisees of Hagan. The estate passing by descent to his heirs may be subjected in their hands to the payment of such claim as Patterson may be able to establish against the decedent. The measure of the responsibility of heirs at law for the debts of decedents from whom they inherit is prescribed by statute. Sections 6, 8, and 10 of chapter 40 of the Revised Statutes provide:
“ Sec. 6. That the same actions which lie against personal representatives may be brought jointly against him and the heir or devisee of the decedent, or both, and shall not be delayed for the nonage of any of the parties.”
“ Sec. 8. When the heir or devisee shall alien before suit brought the estate descended or devised, he shall be liable for the value thereof, with legal interest from the time of the alienation, to the creditors of the decedent or testator.”
*443 “ Seo. 10. The heir or devisee may be sued in equity by a creditor for any liability of the decedent or testator, and he may also in such suit, if demanded, obtain by the proper procedure a lien on any specified property descended or devised not heretofore aliened, but not so as to prejudice thereby any other creditor.”
By section 8, if the heir or devisee has aliened the estate received, the creditor of the decedent or testator may have judgment in personam against him for the value thereof, with interest from the time of the alienation; and by section 10 such creditor may by suit before alienation secure a lien on the estate descended or devised.
By section 6 a joint judgment may be had against the personal representative and heirs or devisees, or both. A judgment so obtained must, however, be levied of assets in the hands of the personal representative, or of estate descended to the heir or devised to the devisee. This section is but a re-enactment of the statute of 1792 (Morehead and Brown’s Statute Laws, 778), and under its provisions, just as under those of the act of 1792, in order to proceed at law against the heir or dévisee it is absolutely necessary that the personal representative shall be joined as a defendant. The heir or devisee has the right to demand that the debts of the decedent or testator shall be satisfied by the personal representative, if there be assets in his hands sufficient for that purpose; and when sued at law they can not have the benefit of this right unless the personal representative be also sued and the judgment so framed as to be first levied of the assets in his hands. (Conley’s heirs v. Boyle’s ex’rs, 6 Mon. 639.)
The language of the statute leaves no room to doubt that the legislature intended that the legal remedy provided should be exercised only in a joint action against the personal representative and heirs or devisees.
In this case Hagan, the original defendant and the ancestor *444 of appellants, died pending the action. Revivor was had against his personal representative. Afterward she died, and the action was then revived against his infant heirs at law, there being no administration de bonis non. In this state of case, as Patterson could not proceed under the sixth section of chapter 40, Revised Statutes, against a personal representative and the heirs of Hagan jointly, he was compelled to proceed in equity against the heirs alone. (Ellis v. Gosney’s heirs, 1 J. J. Marsh. 349.) He did so proceed, and without further pleading the court finally rendered a judgment against the infant defendants “to be levied of assets descended or distributed to them.”
This was error. If the term assets was used by the court as synonymous with estate, then the sheriff may seize and sell the lands descended to said infant heirs under an execution, although they have not the legal capacity either to pay or replevy the judgment, or to superintend the sale of or to redeem their land when sold, no matter how great the sacrifice at which the sale may be made. It was within the power of the chancellor and it was his duty to protect the infant defendants against consequences which, like these, may prove absolutely ruinous to them.
The creditor has no remedy against these infants except in equity. He can not demand inequitable relief in a court of equity. His claim may be satisfied, and in satisfying it' the interests of the infant defendants may be fully protected. To accomplish this result the chancellor should have required Patterson to show that he had a substantial cause of action against the defendants by alleging and proving either that personal estate had been distributed or that real estate had descended to them. And if his claim or any part of it can be satisfied in no other way than by a sale of their real estate, the sale should be made under the supervision of the chancellor, and not by the sheriff acting under a writ of fieri facias.
*445 By section 566 of the Civil Code appellee had the right to revive his action against the heirs at law of Hagan, but as there was no personal representative he could not proceed against them after revivor, under the provisions of section 6, chapter 40, Revised Statutes. His remedy against them is exclusively cognizable in a court of equity. If his action had been pending on the ordinary side of the docket, as soon as the heirs at law were brought before the court it would have been his duty to amend his petition and ask to have the cause transferred to equity. (Civil Code, section 7; Cobb v. Stewart, 4 Met. 255.)
As the action was already on the equity side of the docket, he Should by amendment have designated the character of relief desired, -and have shown by proper averment and proof that he was entitled to have it at the hands of the chancellor.
For the reasons given the judgment is reversed, and the cause remanded for fui’ther proceedings coxxsistent with this opinion. Pattex’son will be allowed to amend his petition if he offers to do so within a roasoixable time.
Judge Copee did not sit in this case.