Margaret Rogers, et al., *v.* Marion Burberidge's Committee, et al.

**Revivor of Causes of Action—Notice of Revivor.**

A cause may be revived by rule or notice to those representing a deceased litigant, but the notice must be served at least ten days before the revivor can be made and must name the parties.

APPEAL FROM SCOTT CIRCUIT COURT.

February 19, 1876.

Opinion by Judge Pryor:

If the construction is given the act of the 19th of January, 1866, amending Sec. 437 of the Civil Code, as insisted by counsel for appellant that it should be given it, the practical result would be that no revivor could be had until the second term of the court succeeding the death of the party. The party desiring the revivor would be required to obtain the rule at one term, and upon service it could be revived at the next term. This mode of revivor with such a construction, instead of affording a more speedy remedy for reviving actions, would retard litigation and cause more delay than a revivor by an ordinary action. The manifest meaning of the amendment, although singularly expressed, is that the revivor may be had by rule or notice, the object being that those representing the decedent shall have ten days notice of the intention to revive before the revivor can be made.

The notice, however, to revive the judgment rendered in March, 1871, as well as the original action, is clearly defective. It fails to show or state the name of the party against whom the judgment was rendered or the action pending. The notice is to revive a judgment against the appellants obtained at the March term, 1871, for the sum of $456.20, without naming the party against whom judgment had been obtained, and the same objection applies to the notice for reviving the action. The notice given would indicate that the judgment had been rendered in the name of Tilford's committee against William E. Rogers's Ex'r and Mary E. Rogers, the parties against

whom it was intended to revive the judgment and action. This court in the absence of the briefs of counsel, or a knowledge of facts outside of the record, could not ascertain from the notice that a judgment had been rendered against Varnon or an action instituted against him.

As to the revivor of the action against the devisee, Mrs. Rogers, it appears that at the time the notice was signed and served, no such action was pending in the Scott circuit court. After the rendition of the judgment and the appeal to this court, the Scott circuit court was divested of all power over the case, and not until the mandate of this court had been filed was the power of the Scott circuit court over the case restored. Nor was any action pending on the day the motion was to have been made, and if made on that day, it could not have been entertained, as the right of the lower court to take any action in the premises depended alone upon the filing of the mandate.

As the case must go back, it is proper to notice other objections made by counsel. Burberidge was not a necessary party to the motion to revive. By the express provisions of the act of 1866 the revivor may be against the personal representative and against his heirs, devisees or legatees, jointly or severally, and besides actions may now be instituted, jointly or severally, against the parties bound. The court below had the power, if the preliminary steps had been properly taken, to revive the action and also to render a judgment against the executor and devisee. In *Hagan, et al. v. Patterson,* 10 Bush 441, the party was compelled to proceed alone against the heir in a court of equity, and for that reason it was held that it was proper for the chancellor to determine what property had descended to the heir instead of leaving it to the judgment of his ministerial agent. In a case like this, the right to prosecute a joint action against the representative and devisees cannot be questioned, the right being conferred by the statute, and we see no reason why the judgment was not proper.

The mandate directing the judgment to be entered against Varnon was evidently an oversight, and the technical objection cannot prevent a judgment against the representative and devisees. For the reason indicated the judgment as to Mary E. Rogers and her husband, William E. Rogers, is *reversed* and cause remanded for further proceedings consistent with this opinion.

*A. Duvall, for appellants.*
*J. F. Robinson, W. S. Darnaby, for appellees.*