### JAMES PEARCE, ET AL., v. J. T. BROWN & BRO.

**Fraudulent Conveyance—Equity.**

In order to maintain an action in equity to set aside a fraudulent conveyance it is required that the creditor shall have a judgment at law and a return of nulla bona upon his execution. This is true whether the grantor or his estate is the defendant.

**Practice—Parties Defendant.**

In an action to set aside a fraudulent conveyance, after the death of the grantor, it is necessary to join as defendants the heirs and personal representatives, or if such representatives are not joined it must be alleged there are none.

### APPEAL FROM DAVIESS CIRCUIT COURT.

October 9, 1876.

OPINION BY JUDGE LINDSAY:

In order to maintain an action in equity to set aside a fraudulent conveyance, it is in general requisite that the creditor shall have a judgment at law, and a return of nulla bona upon his common-law execution.

If V. C. Pearce were alive, a judgment against him and a return of no property would be necessary to enable appellees to reach the estate conveyed by Combs to his heirs at law. As he is dead, the appellees should either show that they have such judgment and return against his personal representative, or else that he has no personal representative. The last fact would of itself authorize an appeal to the chancellor.

If the appellees are seeking to reach the land, an estate descended to the appellants, then they should follow the provisions of the General Statutes. They may have a judgment in personam in a joint action in ordinary against the personal representatives and heirs at law, as provided by Sec. 6, Art. 1, Chap. 44, General Statutes, or if there be no personal representative, then they may proceed in equity against the heirs alone, and in such action, they may, by proper procedure and upon legal grounds, secure a lien on the property descended, and not disposed of.

In this case, they are proceeding against the heirs at law without joining the personal representative, and without averring that there is no such representative. As the heirs at law have the right to have the debt satisfied out of the personal assets of their ancestor, if he left any, the proceedings herein had are erroneous. *Hagan v. Patterson,* 10 Bush 441; *Conley's Heirs v. Boyle's Ex'rs,* 6 T. B. Mon. 639.

Judgment *reversed* and cause remanded with instructions to allow appellees to amend their petition and for further proper proceedings.

*Owen & Ellis, for appellants.*

*Williams & Brown, for appellees.*