CHARLES DUNCAN, ET AL., *v.* M. J. GAINES.

**Voluntary Conveyance by Husband.**

Under the statute of 1856 a voluntary conveyance by a husband to his wife without consideration is void as to his then existing liabilities.

**Suit Against Heir.**

An heir receiving property from his ancestor may be sued in equity by a creditor for any liability of the ancestor.

APPEAL FROM FRANKLIN CIRCUIT COURT.

February 28, 1878.

OPINION BY JUDGE PRYOR:

The appellants, Duncan and wife, instituted this action in equity in the Franklin Circuit Court, alleging that one William A. Gaines at the time of his death was indebted to the appellant, Lucy Duncan, in a considerable sum of money, evidenced by his note executed in the year 1863. That they recovered a judgment against his personal representative for the debt, and had made all of the money except about $800, and as to this balance an execution had been returned "no property found." That W. A. Gaines (the debtor) in his lifetime purchased of one R. P. Pepper a house and lot in the city of Frankfort for $3,750, and having made the payment out of his own means procured the conveyance to be made to his wife. The demand of appellant was a subsisting debt at the date of the conveyance, and the appellants are seeking to subject this property conveyed to the wife to the payment of their debt.

The widow and children of the decedent are made parties to the action, as well as the personal representative. The answer of Mrs. Gaines admits the execution of the deed, but says the consideration was for a large sum of money belonging to her in her own right, that had been used by her husband and for the purpose of protecting her rights, and securing her in this money he procured the execution of the conveyance to her. She also alleges that at the date of the deed her husband was perfectly solvent. The cause was heard upon the petition, answer and exhibits filed, and the court below dismissed the petition for the reason the appellants had failed to allege the insolvency of the husband at the date of the conveyance.

If the court below was correct in adjudging that it was a voluntary conveyance we cannot well see how the pecuniary condition of the husband can affect the claims of creditors whose debts were in existence at the date of the conveyance to the wife. By the provisions of both the General and the Revised Statutes "every gift, conveyance, assignment, transfer of or upon any of his (the debtor's) estate without valuable consideration, shall be void as to all his then existing liabilities," and however honest the debtor may be in his intentions with reference to the conveyance or transfer of his property, if made without a valuable consideration it is void as to prior creditors. The question of interest cannot alter the plain language of the statute making such a conveyance void as to existing debts.

Section 1 of Chap. 44, General Statutes, makes any conveyance, transfer, assignment, etc., executed with the intent to burden, delay or defraud creditors, void as to such creditors, purchasers and other

persons; and under this section the question of interest having to be considered by the chancellor, he will look at the pecuniary condition of the debtor, as well as the consideration for the conveyance, and all other circumstances connected with the case, for the purpose of determining whether or not the action of the debtor was intended by him as a fraud upon the rights of creditors. The present action was not instituted under this section: No fraudulent intent is alleged, nor is the deed sought to be canceled for that reason; still, if the conveyance to the wife was without a valuable consideration, although made in the best of faith and at a time when the husband was possessed of an ample estate, it is void as to all demands against the husband existing at its date. *Lowry v. Fisher,* 2 Bush 70.

It is urged by counsel for the appellee that before an action in equity can be maintained in a case like this the creditor must have a return of "no property found" as to the heirs of the decedent. The return of nulla bona as against the personal representative is sufficient, and this fact appears from the record. It may be impossible for the creditor to obtain such a return as against the heir. It is necessary before a judgment can be obtained against the heir to allege and show that he has received assets from the ancestor, and to that extent the heir is liable. If the creditor could allege that the heir has received assets or an estate that should be made liable for the debts of the decedent he would be without remedy, and therefore we perceive no reason why he should be compelled to show any greater degree of insolvency than a want of assets in the hands of the personal representative to pay the debt.

Ordinarily, as between the creditor and debtor, courts of equity will afford no aid in the collection of the debt until it appears that the remedy at law has been exhausted. It is true that provisional remedies are now given the creditor to aid him under certain circumstances in collecting his debt, but when such remedies are resorted to the debtor is indemnified by the execution of a bond that protects him as against any unjust demand of the creditor, and the provisions of the Code must be strictly complied with before any such remedy will be afforded.

A return of nulla bona, before a conveyance made by a debtor in fraud of creditors can be attacked, is as indispensable now as under the old equity practice, except in cases where the provisional remedy by attachment is adopted as provided by the Code of Practice; and we see no reason for disregarding this rule. If the creditor can make his demand at law he should be required to do so before at-

tempting to disturb the rights of third parties, and the best evidence of his efforts in that direction is a return of nulla bona. The heirs of the decedent in this case are not liable as such for the property conveyed to Mrs. Gaines. As between them and the widow the conveyance to the latter is valid and cannot be disturbed, but as to the creditor the conveyance, if voluntary, must be held void and subjected to the payment of his debt. The tenth section of Chap. 44, General Statutes, also provides that the heir may be sued in equity by a creditor for any liability of the decedent. This of course must be held to mean where property has passed to the heir from the ancestor, and in this case the petition alleges that the heirs have derived certain property by descent from the decedent, and the creditor is seeking to subject it to the payment of his debt. The personal estate having been exhausted, the heirs, to the extent they have received assets, should first be made liable. See *Hagan v. Patterson,* 10 Bush 441.

The answer fails to disclose any state of facts from which it may be inferred that the husband has wrongfully disposed of the estate of the wife, or that any agreement existed between the two by which the wife's own means were to be invested in real estate, or other property for her benefit. It is conceded in the answer that the husband paid for the house and lot, but by way of avoiding a sale of this property for the payment of the husband's debt it is also alleged that the purchase was made with the money of the wife. The burden was then upon Mrs. Gaines to show either that it was separate estate the husband had used, belonging to her, or, upon his reception of her money, the existence of some agreement by which the husband was to invest it for her benefit. The answer, however, is defective in failing to allege a state of facts authorizing such proofs to be introduced. The allegation that the wife held money in her own right, and the husband had used it in his business transactions, does not necessarily imply that it was separate estate. If the wife's money, when the husband came into possession of it, he had the right to use it, unless there was some trust created deposing the husband of the right to control it.

Under the pleadings and exhibits filed the appellant was entitled to a judgment in the event the assets in the hands of the heirs failed to satisfy the debt, and that they are insufficient for that purpose seems not to be contested. On the return of the cause the appellee, Mrs. Gaines, may be permittd to amend her answer within a reasonable time if she desires to do so. The judgment below, in so far as

it dismisses the claim of the appellant directed against the house and lot of the appellant, is *reversed* and cause remanded for further proceedings consistent with this opinion.

*Hord & Trabue, E. F. Trabue, for appellants.*

*Ira Julian, for appellee.*